IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : NO.: 4:22-CR-075 |
| | : |
| vs. | : |
| | : (Chief Judge Brann) |
| SCOTT ERIC SNYDER, | : |
| Defendant | : |

# SUPPLEMENTAL SENTENCING MEMORANDUM

## I. PROCEDURAL HISTORY

On October 26, 2019, Defendant was arrested and detained on state charges of Burglary, Aggravated Indecent Assault, Indecent Exposure and related se offenses. On March 9, 2022, those charges subsequently were nol prossed in light of the federal indictment charging him with Production of Child Pornography in violation of 18 U.S.C. §2251(a) and (e). That Indictment was filed on February 24, 2022. Defendant's initial appearance occurred on March 3, 2022 and he was ordered detained.

On April 6, 2025, Defendant appeared before Chief Judge Matthew W. Brann and entered a plea of guilty pursuant to a written plea agreement. A presentence investigation was ordered and a report was prepared. There were no objections filed to the initial report.

Sentencing was scheduled for July 30, 2025. At that time, Defendant made a motion to withdraw his plea and former defense counsel requested the matter be continued to provide additional time to communicate with Defendant. However,

on August 15, 2025, current counsel was appointed to represent Defendant in this case.

Prior counsel filed a sentencing memorandum requesting a downward variance to the probation officer's guideline range of 262 to 327 months.

On January 21, 2026, a Second Addendum to the Presentence Report was prepared and filed by the probation officer. The second addendum removes the two points for acceptance of responsibility based upon the Government's objection to the reduction. Therefore, the new guidelines would have an offense level of 41 with a criminal history category of I. The advisory guideline range on those calculations is 324 months to the statutory maximum of 360 months.

## II.  OUTSTANDING OBJECTION TO PRESENTENCE INVESTIGATION REPORT

In the initial report, the probation office did a 2 level reduction for acceptance of responsibility. There was no objection filed by either the defense or the prosecution.

However, in January of 2026, the United States Government objected based upon a letter the Defendant is alleged to have sent to the minor victim. Based upon that objection, a second addendum to the report was prepared by the probation office and the two points were removed and the guidelines were recalculated.

2

3E1.1 of the sentencing guidelines provides that if a defendant clearly demonstrates acceptance of responsibility, they decrease the offense level by two levels.

The application notes provide a number of factors to be considered in whether or not a defendant is entitled to the reduction. Among those considerations is whether a defendant truthfully admitted to conduct comprising the offense. In this matter, the Defendant entered a plea of guilty and acknowledged a factual basis for the plea as provided by the Government at the time of his guilty plea.

A second consideration provided by the application notes is whether the defendant voluntarily terminated or withdrew from criminal conduct or associations. There is nothing criminal in providing a letter to the victim. While it may be inappropriate, it does not demonstrate criminal conduct.

Had this Defendant been released on bond and a condition of his bond be that he not have any contact with the victim, the Government would be in a better position to argue that he violated the terms of the bond. However, a violation of bond is not a criminal act.

Another factor is the timeliness of Defendant's conduct in manifesting acceptance of responsibility. It is clear that since he was being investigated for

a separate set of offenses, he came clean to the authorities and admitted his behavior from many, many years in the past.

Additional application notes state that the determination on whether Defendant has accepted responsibility should be based primarily upon pretrial statements and conduct. (Application Note. 2 - 3E1.1. U.S.S.G.)

In United States v. Mercado, 81 F.4th 352 (3d. Cir. 2023), the United States Court of Appeals for the Third Circuit concluded that the text of §3E1.1(a) of the sentencing guidelines is ambiguous and therefore concluded that reviewing the commentary to the section was reasonable.

In Mercado, Id., the District Court refused the two-point level reduction based upon continued drug use. The Court of Appeals concluded that the district court had not erred in denying the acceptance of responsibility points because of the continued use of drugs following his guilty plea. The continued use of drugs is in fact a criminal episode.

The Mercado Court found that there is a non-exhaustive list of factors to consider for individuals to determine who accepted responsibility for the offense. Nowhere in that list of factors does it talk about inappropriate contact with a victim of a crime.

Pursuant to <u>United States v. Boone</u>, 279 F.3d, 163, 193 (3d Cir. 2002), Snyder is required to establish, by a preponderance of the evidence, that he is entitled to a downward adjustment provided for under §3E1.1(a).

In reviewing the application notes and the commentary, he has demonstrated that he is in fact entitled to the two points and therefore, requests this Honorable Court grant the two-point level reduction and calculate his guidelines at an offense level of 39 with a criminal history category of I.

### III. <u>CONCLUSION</u>

For all the reasons set forth above, as well as the initial Sentencing Memorandum filed by prior counsel, Defendant would respectfully request this Honorable Court grant his objection to the Presentence Report and grant a substantial variance in the advisory sentencing guidelines.

    Respectfully submitted,

By:   /S/ Robert A. Hoffa
      Robert A. Hoffa
      Attorney I.D. No. 36715
      Attorney for Defendant Snyder
      602 Pine Street, Williamsport, PA 17701
      Telephone No. (570) 326-2401
      Fax No. (570) 326-3498
      Email: rhoffa@campanalaw.com