

**U.S. Department of Justice**

*Brian D. Miller*
*United States Attorney*
*Middle District of Pennsylvania*

Website: *www.justice.gov/usao/pam/*
Email: *usapam.contact@usdoj.gov*

---

*William J. Nealon Federal Building*
*235 N. Washington Avenue, Suite 311*
*P.O. Box 309*
*Scranton, PA 18503-0309*
*(570) 348-2800*

*Sylvia H. Rambo Courthouse*
*1501 North 6th Street, 2nd Floor*
*P.O. Box 202*
*Harrisburg, PA 17102*
*(717) 221-4482*

*Herman T. Schneebeli Federal Building*
*240 West Third Street*
*Suite 316*
*Williamsport, PA 17701-6465*
*(570) 326-1935*

*Please respond to: Williamsport*

February 24, 2026

Honorable Chief Judge Brann
United States District Court
Middle District of Pennsylvania
240 West Third Street
Williamsport, PA 17701

    RE:  *United States v. Scott Snyder*
           District Case Number: 4:22-CR-00075

Dear Chief Judge Brann:

    This letter is offered to the Court as a supplement to the Government's Sentencing Memorandum (Doc. 82) and in anticipation of the sentencing of Scott Snyder ("Snyder") scheduled for February 26, 2026. The United States seeks to supplement the record concerning its request that the defendant serve a sentence of 360 months.

    Scott Snyder should not be awarded acceptance of responsibility. Section 3E1.1(a) of the Sentencing Guidelines instructs sentencing courts to reduce a defendant's offense level by two points if the defendant has "clearly demonstrate[d] acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). The defendant must show by a preponderance of the evidence that he is entitled to the reduction, and,

in determining whether the defendant has satisfied this burden, the sentencing court must "assess the totality of the situation." *United States v. Harris*, 751 F.3d 123, 126 (3d Cir. 2014).  Post-indictment conduct is appropriate to consider in assessing acceptance of responsibility.  *See United States v. Ceccarani*, 98 F.3d 126, 128-130 (3d Cir. 1996) (affirming denial of reduction based on post-indictment conduct); *United States v. Mercado*, 81 F.4th 352, 361 (3d Cir. 2023) (affirming denial of reduction based on "disturbing pattern of post-plea misconduct"). Moreover, a district court's factual determination of whether the defendant is entitled to an acceptance of responsibility reduction in his sentence is reviewed on a clearly erroneous standard. *United States v. DeLeon-Rodriguez,* 70 F.3d 764, 767 (3d Cir. 1995); *United States v. Felton,* 55 F.3d 861, 869 (3d Cir. 1995).  The Guidelines make clear that "[t]he sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review." U.S.S.G. § 3E1.1

    Snyder's behavior at the initial sentencing hearing, scheduled to be held on July 30, 2025, is entirely inconsistent with acceptance of responsibility.  At the hearing, the defendant, far from accepting responsibility for his crimes, attempted to re-litigate the facts offered and accepted in support of his guilty plea.  The Court took the time to recess and review specific images ex-parte and reaffirm that the descriptions offered by the United States were factually accurate. Snyder refused to accept that reality and refused to move forward with the sentencing hearing. From the Government's view, Snyder's conduct in July was another example in a long line of manipulation and abuse of the victim and her family.  Knowing they had made the trip to Williamsport, Snyder's performative antics ensured that they would be forced to continue to bear the weight of this ongoing litigation, rather than achieve the long-awaited closure they desire. This view is only strengthened considering Snyder's outrageous and offensive decision to mail the victim a letter *after* that hearing.  Whatever excuse Snyder may offer, a clear-eyed view of Snyder's motives can only be read as a gross attempt to reassert his power over the victim and to prove, again, that he can force himself into her life without her consent.

      Scott Snyder is shameless. He is unremorseful. He has not shown that he has accepted responsibility for his actions.

      With a total offense level of 41, the advisory guideline range is 324 to 360 months. The United States renews its request that the Court impose a 360-month sentence.

                                    Respectfully,

                                    ALISAN V. MARTIN
                                    Assistant United States Attorney
                                    Attorney I.D. No. PA 316757
                                    United States Attorney's Office
                                    240 West Third Street, Suite 316
                                    Williamsport, PA  17701
                                    Telephone:  570-326-1935
                                    Email:  Alisan.Martin@usdoj.gov

cc: Robert A. Hoffa, Esq.